UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COEXIST FOUNDATION, INC.,

Plaintiff,

-vs-                                            Case No.  6:11-cv-72-Orl-28KRS

AMY FEHRENBACHER, MICHAEL
FEHRENBACHER, JOHN LACART,
UNITED FUNDING, INC., MWF
FINANCIAL & MORTGAGE CENTER,
INC., MIDWEST FUNDING BANKCORP,
INC., UNITED TITLE OF ILLINOIS, INC.,

Defendants.

_____

## ORDER

This case is before the Court on Defendants' Motion to Dismiss for Lack of Personal

Jurisdiction and Improper Venue (Doc. No. 9) filed January 24, 2011.  The United States

Magistrate Judge has submitted a report recommending that the motion be granted in part

and denied in part. At the time of the report[1], there were nine Defendants. The R&R reports

that Plaintiff stipulated at the evidentiary hearing that it had not carried its burden of showing

that this Court could exercise personal jurisdiction over Defendants Amy Fehrenbacher and

John Lacart (Doc. 49, p. 9). The Magistrate Judge found that Plaintiff had not sustained its

burden as to personal jurisdiction over Defendant United Title of Illinois, Inc. (Doc. 49, p. 12).

On August 1, 2011, Plaintiff filed a Notice of Voluntary Dismissal of its claims against

Defendants Amy Fehrenbacher, John Lacart, and United Title of Illinois, Inc. (Doc. 50).

_____

[1]  Report and Recommendation (Doc. No. 49) issued on July 27, 2011 ("R&R").

The R&R finds that the Court can exercise personal jurisdiction over the remaining Defendants (Doc. 49, p. 11).

On a *forum non conveniens* analysis, however, the R&R points out that none of the parties are residents of the Middle District of Florida, and that no activities took place in the Middle District of Florida other than a possible meeting in Tampa. (Doc. 49, p. 14, 15). Further, Plaintiff consented to exercise of jurisdiction in Illinois in the joint venture agreements it entered into with Defendants. (Doc. 49, p.15). On the above facts and *forum non conveniens* analysis, the R&R recommends transfer of this case to the Northern District of Illinois. Alternatively, the R&R recommends dismissing the three Defendants over whom the Court does not have personal jurisdiction and deny the Motion to Dismiss in all other respects.

The Court has conducted an independent *de novo* review of the record in this matter, and considered the Objection to Certain Findings of Fact Contained in Magistrate's Report and Recommendation dated July 27, 2011 ("Objection") filed by the remaining Defendants (Doc. 51). The Objection does not dispute the recommendation but rather certain findings of fact. The Court overrules the Objection. The Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation to the extent that this Court does not have personal jurisdiction over the Defendants dismissed by Plaintiff and that a transfer under 28 U.S.C. § 1404(a) is appropriate. Therefore, it is **ORDERED** as follows:

1.      That the Report and Recommendation filed July 27, 2011 (Doc. No. 49) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2.     Plaintiff having dismissed the three Defendants over which this Court did not have personal jurisdiction (Doc. 50), Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED.**

3.     Defendants' Motion to Dismiss for Improper Venue is **DENIED** to the extent that the case will not be dismissed.  This case is transferred to the United States District Court for the Northern District of Illinois.

4.     The Clerk of the Court is directed to transfer this case as instructed above and to then close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this ____7____ day of September, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record